[No. 18331. Department One. June 4, 1924.]

CHARLES T. GOODSELL, *Respondent*, v. W. H. PHILLIPS, *Appellant*.[1]

BILLS AND NOTES (9, 71)—WANT OF CONSIDERATION—ACCOMMODA-TION MAKERS—BONA FIDE PURCHASERS. Under Rem. Comp. Stat., § 3420, an accommodation maker without consideration is liable to a holder to whom the note was transferred and delivered prior to maturity.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered January 22, 1923, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Affirmed.

*William S. Lewis,* for appellant.

*J. C. Farrington,* for respondent.

MAIN, C. J.—The complaint in this case contains two causes of action separately stated; one for the balance claimed to be due as commission for procuring

[1]Reported in 227 Pac. 13.

a loan upon real estate, and the other for the balance due upon a promissory note. The trial before the court without a jury resulted in findings of fact and conclusions of law sustaining the right to recover upon both causes of action. A judgment was entered in favor of the plaintiff upon the first cause of action for the sum of $160, and upon the second cause of action for the sum of $170, together with attorney's fees of $50, and costs and disbursements in both causes of action. From this judgment the defendant appeals.

We see little in this case but questions of fact. Upon the material questions the evidence is in dispute, and the trial court found the facts to be as contended for by the respondent and which the evidence offered by him supported. There can be no question as to the right of the respondent to recover upon both causes of action.

As to the second cause of action, it appears that, while the note was given as an accommodation matter and without consideration, it is specifically found by the trial court that it was transferred and delivered to the respondent before maturity. Rem. Comp. Stat., § 3420 [P. C. § 4100], provides:

"An accommodation party is one who has signed the instrument as maker, drawer, acceptor or indorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party."

The judgment will be affirmed.

MACKINTOSH, PARKER, HOLCOMB, and TOLMAN, JJ., concur.